**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhea Brown,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-21-02154-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Rhea Brown's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 14), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 16), to which Plaintiff replied, (Doc. 17). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 13), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 13-3 at 22–38), and will affirm the ALJ's decision for the reasons addressed herein.

**I.  BACKGROUND**

Plaintiff filed an Application for SSDI benefits in April 2017, alleging a disability beginning in January 2017. (Doc. 16 at 2.) After a hearing, the ALJ issued a decision in July 2019 finding Plaintiff not disabled. The Appeals Council vacated that decision and remanded the case for a new decision. The ALJ conducted another hearing in January 2021, where Plaintiff appeared with her attorney and testified. A vocational expert also

testified. In February 2021, the ALJ issued the decision at issue here, finding Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review of the hearing decision, making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed.

## II. LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (cleaned up). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. DISCUSSION

Plaintiff argues the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence because the ALJ omitted Plaintiff's fibromyalgia diagnosis. Plaintiff also argues the ALJ cherrypicked evidence to discredit her treating doctor's medical opinions, and the ALJ's findings are not supported by substantial evidence. Separately, Plaintiff asserts the ALJ's decision is "constitutionally defective" because the commissioner's removal only "for cause" violates the separation of powers. The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Fibromyalgia

Plaintiff asserts the ALJ wrongfully omitted her fibromyalgia diagnosis from her medically determinable impairments. The Commissioner contends that Plaintiff failed to

present sufficient evidence to establish fibromyalgia as an impairment and thus any error in omitting that diagnosis was harmless. Social Security Ruling ("SSR") 12-2P creates guidelines for the evaluation of fibromyalgia in disability claims. *See* SSR 12-2P (S.S.A.), No. SSA-2011-0021, 2012 WL 3104869 (July 25, 2012). SSR 12-2P sets forth that fibromyalgia can be a medically determinable impairment when "established by appropriate medical evidence." *Id.* at *2. A licensed physician must diagnose the claimant with fibromyalgia and that diagnosis must be corroborated with evidence showing "the physician reviewed the person's medical history and conducted a physical exam." *Id.* ("We cannot rely upon the physician's diagnosis alone."). "We will review the physician's treatment notes to see if they are consistent with the diagnosis of [fibromyalgia], determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities." *Id.*

The Court agrees with the Commissioner that the lack of medical evidence justified the omission of fibromyalgia from Plaintiff's medically determinable impairments. In her opening brief, Plaintiff asserts Dr. Sahai diagnosed her with fibromyalgia and that diagnosis persisted for at least three months. (Doc. 14 at 10.) Plaintiff then points to Dr. Sahai's examination notes as sufficient corroboration of the required minimum tender points. (*See id.*) Dr. Sahai's notes include Plaintiff's assessment for fibromyalgia and noted "[s]he has tenderness to palpation above and below the waist with greater than 11/18 tender points positive. She has tenderness along bilateral lumbar paraspinal muscles . . . [and] tenderness to palpation along the medial and lateral joint lines bilaterally and tenderness at the bilateral MCP joints." (Docs. 13-10 at 159; 13-11 at 16 (including "PSIS TTP bilaterally.")) None of the tenderness points in Dr. Sahai's notes coincide with the tender point sites in SSR 12-2P. *See* 2012 WL 3104869, at *3. Nor do any other records Plaintiff cites support Dr. Sahai's general diagnosis. These records alone are insufficient to establish fibromyalgia as a medically determinable impairment, and the ALJ did not err by excluding it.

### B. Medical Opinions

Plaintiff contends the ALJ's findings were not supported by substantial evidence. Plaintiff argues the ALJ should have deferred to her treating physician, Dr. Sahai's opinions. (Doc. 14 at 17–18.) Plaintiff further argues that even if the medical opinions that the ALJ found persuasive are supported and consistent with the record, the ALJ still should have deferred to Dr. Sahai's opinions. (*Id.* at 18.) Because Plaintiff filed her claim in April 2017, her treating physician's opinion is entitled to no special deference. *See* 20 C.F.R. § 404.1520c ("[f]or claims filed . . . on or after March 27, 2017, the rules in this section apply."); 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). The only relevant inquiry is thus whether the ALJ's findings are supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff also contends the record does not support the ALJ's finding that her treating physicians' opinions were inconsistent with objective medical evidence. First, Plaintiff argues the ALJ mischaracterized the record by describing imaging evidence as "mild" and concluding Plaintiff's treatment did not indicate a severe problem. (Doc. 14 at 13.) The Commissioner concedes that the ALJ "mistakenly noted that medical imaging 'showed all mild findings'" but asserts that any error related to that mistake was harmless, because "the ALJ correctly noted the moderate to severe findings from the MRI." (Doc. 16 at 8 n.5.) Second, Plaintiff argues the ALJ's findings that her treatment did not indicate a severe problem and her neck and back's range of motions shows Dr. Sahai's opinions were consistent with objective evidence.

The Court agrees that the ALJ's description of "mild" imaging results amounted to harmless error but otherwise finds the ALJ's findings to be supported by substantial evidence. Plaintiff argues the medical evidence supports only an RFC for sedentary work, as opined by Dr. Sahai. (Doc. 14 at 18.) At step five, the ALJ found Plaintiff had the RFC to perform light work except:

      lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for six hours and standing and/or walking for six hours in an eight-hour workday; and push/pull as much as can lift/carry. She can handle items frequently with the left hand and can handle items frequently with the right hand. The claimant has fingering limitations frequently with the left hand and has fingering limitations frequently with the right hand. She has feel limitations frequently on the left and has feel limitations frequently on the right. The claimant can frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently balance, occasionally stoop, occasionally kneel, occasionally crouch, and occasionally crawl. She can be in extreme cold occasionally and in vibration occasionally. The claimant can have occasional exposure to work place hazards such as unprotected heights and moving mechanical parts.

(Doc. 13-3 at 33.) The ALJ found Dr. Sahai's assessment unpersuasive, describing Dr. Sahai's opinions as "highly restrictive" while simultaneously reliant on minimal evidence. (*Id.* at 36.) Medical records showed Plaintiff had normal neck and musculoskeletal range of motion and Plaintiff's physical motor exams showed Plaintiff had 5/5 strength. (Docs. 13-10 at 144–45; 13-9 at 82.) Dr. Sahai's treatment notes show Plaintiff can lift and carry 20 pounds frequently, stand and walk for two hours per day, and sit for four hours in an 8-hour workday. (Doc. 13-13 at 38.) Those notes also show Plaintiff did not need to lie down or recline throughout the workday, did not need an assistive device to ambulate effectively, and could push and pull frequently with both hands. (*Id.* at 38–39.) Dr. Sahai's notes, which Plaintiff cites in her opening brief, support an RFC of light work—not sedentary work. *Compare* 20 C.F.R. § 404.1567(b) *with* 20 C.F.R. § 404.1567(a). The vocational expert testified that a person with the limitations described in Plaintiff's RFC would be capable of performing work as a housekeeper/cleaner, which Plaintiff had performed in the past. (Doc. 13-3 at 37.) Thus, the ALJ's findings are supported by substantial evidence

### C. Separation of Powers

Plaintiff contends the ALJ lacked the lawful authority to decide this case because the SSA's structure is unconstitutional. (Doc. 14 at 19–20.) Specifically, Plaintiff contends the Supreme Court's opinion in *Seila Law LLC v. CFPB* establishes that if limitations on the President's authority to remove an agency director violates the separation of powers, then that agency's structure is unconstitutional. 140 S. Ct. 2183 (2020); (*Id.* at 18–19.)

Plaintiff thus asserts that such an agency decision—including the ALJ's decision in this case—is illegal.

In a more recent opinion, the Supreme Court held that plaintiffs are entitled to no legal remedy unless they can show a "compensable harm." *Collins v. Yellen*, 141 S. Ct. 1761, 1787–89 (2021). To do so, "plaintiffs must first demonstrate that an unconstitutional removal restriction applied to the agency director who took the action of complaint." *McIlhenny v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00492-PHX-JAT, 2022 WL 2600174, at *5 (D. Ariz. July 8, 2022) (citing *Collins*, 141 S. Ct. at 1787). Plaintiffs must then "identify a specific, compensable harm resulting from the unconstitutional restriction preventing the director's removal." *Id.* (citing *Collins*, 141 S. Ct. at 1789). The Ninth Circuit has permitted use of *Collins* in social security disability cases but has specified that plaintiffs must establish actual harm to receive relief. *Kaufmann v. Kijakazi*, 32 F.4th 843, 849–50 (9th Cir. 2022). To receive relief, plaintiffs "must show that [an] unfavorable disability decision was tied to the unconstitutional removal provision." *McIlhenney*, 2022 WL 2600174, at *5 (citing *Kaufmann*, 32 F.4th at 849–50).

Here, the parties agree that 42 U.S.C. § 902(a)(3) is an unconstitutional restriction on the President's removal authority. But Plaintiff has not asserted, let alone established, a connection between this apparently unconstitutional restriction and her unfavorable disability decision. Plaintiff merely states that she "has sustained a sufficient injury from an executive act that allegedly exceeds the official's authority." (Doc. 14 at 19–20.) In the absence of any nexus between the ALJ's decision and the unconstitutional removal provision, the Court concludes that Plaintiff is entitled to no relief under *Collins* or *Kaufmann*.

**IV.  CONCLUSION**

Therefore,

**IT IS ORDERED** affirming the February 18, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment

1  consistent with this Order and close this case.

2　　　　Dated this 7th day of March, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge